U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUN 16 2016

TONY R. MOORE CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CATHERINE CHASE NUGENT DUNN,<br>Plaintiff | CIVIL ACTION NO. 16-CV-0707 |
| VERSUS | JUDGE TRIMBLE |
| JUDGE THOMAS M. YEAGER, ET. AL.,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

This is a *pro se* civil rights complaint. (Doc. 1). Before the Court is Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 2) filed on May 20, 2016.

### Background

Plaintiff's application states that she is presently unemployed and has one dependent. Plaintiff states that she received disability payments of $22,800.00 and an additional $4,600.00 in child support in the last twelve months. Therefore, Plaintiff received a total of $27,400.00 in the last twelve months, which equals $2,283.33 a month. Plaintiff states she has an additional $20.00 in a checking or savings account.

Although unemployed, Plaintiff lists one significant asset on her application, a 2015 Buick Enclave worth $38,000.00. Her monthly expenses, including a vehicle payment, a bank payment, utilities, gas, groceries, and payments to Cox and Verizon total $2,300.00 a month. The amount of expenses is $17.00 more than Plaintiff's combined monthly income.

Discussion

28 U.S.C. § 1915 governs applications for leave to proceed *in forma pauperis*. Subsection (a)(1) states:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner[1] possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

The district court has discretion to grant or deny a request to proceed *in forma pauperis*. Williams v. Estelle, 681 F.2d 946, 947 (5th Cir. 1982) (citing Green v. Estelle, 649 F.2d 298, 302 (5th Cir. 1981). A party does not need to be completely destitute in order to proceed *in forma pauperis*. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948). An affidavit which states that the party cannot pay, because of his poverty, and still be able to provide himself and dependents with the necessities of life, is sufficient. Id.

Applying these standards, a monthly income of $3,400.00 with monthly expenses totaling $3,846.00 was found sufficient to deny *in forma pauperis* status, where the plaintiff had a home (valued at $101,000.00), two vehicles (valued at $40,000.00 and $3,000.00, respectively), and $200.00 each in cash and in a bank account. Buckhaulter v. Bank of America Corp., No. 3:14-CV-545, 2014 WL 4370619

---

[1] The use of the word "prisoner" was an oversight. This paragraph applies to all individuals, and not just prisoners. Haynes v. Scott, 116 F.3d 137, 140 (5th Cir. 1997).

2

(S.D. MS. Aug. 29, 2014). The court found that the family would not be rendered destitute given the home and vehicle ownership. Id. Additionally, an income of approximately $20,000.00 was sufficient to deny *in forma pauperis* status. Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc., 865 F.2d 22 (2nd Cir. 1988); see also Ponder v. Schultz, No. 3:02-CV-1353, 2002 WL 3114054 (N.D. TX. Sept. 20, 2002) (a combined monthly income of $2,876.00 was enough to deny *in forma pauperis* status). In another case, the plaintiff was denied *in forma pauperis* status, as he had a monthly income of $3,025.00, owned a home and two cars (one of which belonged to his spouse), and had a savings account with $76.00. Plaintiff's only dependent was his spouse. Duran v. Macias-Price, No. 1:07-cv-01209, 2007 WL 2462066 (E.D. CA. Aug. 27, 2007).

Here, while Plaintiff lists only $20.00 in either cash or bank accounts, Plaintiff has a significant asset in a 2015 Buick Enclave worth $38,000.00. Furthermore, although unemployed, Plaintiff receives $22,800.00 a year in disability and an additional $4,600.00 in child support. Thus, Plaintiff has a yearly total income of $27,400.00 which averages to $2,283.33 a month. This level of income is well over the 2015 poverty guidelines of $15,930.00 for a family of two.[2]

Plaintiff is not indigent and unable to pay the filing fee or guarantee costs without sacrificing the necessities of life. Plaintiff would not be rendered destitute by paying the filing fees, as Plaintiff has at least one significant asset and a total yearly income that is approximately 172% of the poverty guideline for a family of two.

---

[2] https://aspe.hhs.gov/2015-poverty-guidelines#guidelines (last accessed June 10, 2016).

## Conclusion

Based on the foregoing, IT IS RECOMMENDED that Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 2) be DENIED, and that Plaintiff BE ORDERED to pay the filing fee within thirty days or face dismissal of the action.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual finds or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 16th day of June, 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge

4